```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Maxine Feeland,

                Plaintiff,              CV-07-3741
                                        (CPS)(SMG)

    - against -

Sisao LLC and Eliezar Sharabi,          MEMORANDUM OPINION
                                        AND ORDER

                Defendants.

-------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff Maxine Freeland ("Freeland") commenced this action against Sisao LLC ("Sisao") and Eliezar Sharabi ("Sharabi") alleging that defendants failed to reasonably accommodate plaintiff's disability when they refused to accept her subsidized housing voucher, thereby violating the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 *et seq*; New York State Human Rights Law, N.Y. Exec. Law §§ 296(5) and (18)[1]; and New York City

---

[1] N.Y. Exec. Law § 296(5) states in relevant part:

>  It shall be an unlawful discriminatory practice for the owner . . . or managing agent . . . [t]o discriminate against any person because of . . . disability . . . in the terms, conditions or privileges of the . . . rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith.

McKinney's Executive Law §§ 296(5)(a)(1) and (2).

N.Y. Exec. Law § 296(18) states in relevant part:

> It shall be an unlawful discriminatory practice for the owner . . . or managing agent . . . [t]o refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford said person with a disability equal opportunity to use and enjoy a dwelling . . .

Human Rights Law, N.Y.C. Admin. Code § 8-107(5)(a)[2]. Plaintiff seeks declaratory and injunctive relief, compensatory and actual damages, and attorney's fees and costs. Presently before this Court is defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, defendants' motion is denied in part and granted in part.

**Background**

Except as otherwise noted, the following facts are taken from plaintiff's complaint and are presumed to be true for the purposes of this motion.[3]

---

McKinney's Executive Law § 296(18)(2).

[2] N.Y.C. Admin. Code § 8-170(5)(a) states in relevant part:

> It shall be an unlawful discriminatory practice for the owner . . . or managing agent. . . [t]o refuse to . . . rent, lease approve the . . . rental or lease or otherwise deny to or withhold from any person . . . such a housing accommodation or an interest therein because of the actual or perceived . . . disability . . .

N.Y.C. Admin. Code § 8-170(5)(a). New York City Human Rights Law also requires that:

> any person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity.

N.Y.C. Admin. Code § 8-170(15)(a).

[3] Defendants have filed a statement of uncontroverted facts pursuant to Local Rule 56.1. Local Rule 56.1 applies to summary judgment motions, not motions to dismiss and motions for judgment on the pleadings. Accordingly,

Plaintiff Freeland is a 54 year old woman residing at 372 Westminister Road, a/k/a 1120 Cortelyou Road, Apt 1D, Brooklyn, NY since 1992.

Plaintiff suffers from congestive heart failure and morbid obesity. Plaintiff is unable to work and is primarily confined to her home, except for doctor appointments and unspecified "other necessary appointments and activities." Complaint ¶ 30.

As a result of her disability, plaintiff has difficulty with mobility. She becomes tired easily and out of breath when walking. She does not walk more than 2 blocks at a time without stopping to catch her breath. It can take her as long as fifteen minutes to walk up three flights of stairs to her apartment. Plaintiff states that her problems are compounded by the side effects of the many medications that she takes for her condition, which include dizziness, frequent urination, forgetfulness, and heart palpitations.

Plaintiff receives Social Security disability payments of $735 per month. Her monthly rent is $793.37.

Defendant Sisao is a limited liability corporation and the owner of the apartment building in which the plaintiff resides. Its principal place of business is 1255 East 7th Street, 2nd Floor, Brooklyn, NY. Defendant Sharabi is the registered head

---

this Court need not consider the Local Rule 56.1 statement and response filed by the parties.

officer of Sisao.

In 2003, plaintiff applied for a Section 8 voucher from the New York City Housing Authority (NYCHA). Section 8 of the United States Housing Act, authorizes the Secretary of Housing and Urban Development ("HUD") to enter into annual contributions contracts with public housing agencies ("PHA") pursuant to which the PHAs may enter into contracts with individual landlords to make assistance payments. *See* 42 U.S.C. § 1437f(b)(1). HUD has such a contract with NYCHA for tenant-based, subsidized, low-income housing in New York City. NYCHA issues vouchers to eligible families. Once a voucher has been issued to a family, the family has a certain amount of time to locate an apartment. NYCHA has the authority to grant extensions of search time and to grant additional search terms as a reasonable accommodation for disabled persons. Once families find an apartment whose owner will rent to them, they request approval of the unit from NYCHA. NYCHA then enters into a Housing Assistance Payments ("HAP") contract with the landlord and makes housing payments to the landlord directly. Recipients of Section 8 vouchers typically pay thirty percent of their adjusted monthly income for rent.

NYCHA issued a Section 8 voucher to plaintiff in February 2006. After plaintiff received her voucher she asked Sharabi to accept the voucher. Sharabi allegedly informed Freeland that he first had to consult with his silent partner. Subsequently,

Sharabi informed Freeland that her Section 8 voucher would not be accepted.

Freeland alleges that she has made repeated requests for defendants to accept her voucher, but has been refused each time.

Freeland states that because of her disability she is unable to search for an apartment that will accept her voucher. Because of her inability to afford the rent of her apartment she has accrued rent arrears.

Defendant Sisao has commenced a summary eviction proceeding for payment of rent against Freeland in New York City Civil Court.

**Discussion**

*Rule 12(b)(6) and 12(c) Standards*

In considering a motion pursuant to Rule 12(b)(6), a court should construe the complaint liberally, "drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Indeed, conclusory allegations "will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

Nevertheless, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1970 (2007). Although the complaint need not provide "detailed factual allegations," *id*. at 1964; *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n. 2 (2d Cir. 2007) (applying the standard of plausibility outside *Twombly's* anti-trust context), it must "amplify a claim with some factual allegations . . . to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007) (emphasis in original) (holding that the plaintiff's complaint adequately alleged the personal involvement of the Attorney General because it was plausible that officials of the Department of Justice would be aware of policies concerning individuals arrested after 9/11). The test is no longer whether there is "no set of facts" that plaintiff could prove "which would entitle him to relief." *Bell Atlantic*, 127 S.Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 45-46 (1957)) ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to

relief above the speculative level.'" *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Bell Atlantic*, 127 S.Ct. at 1965).

A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard as a Rule 12(b)(6) motion. *Life Product Clearing LLC v. Angel*, 2008 WL 170193 (S.D.N.Y. 2008)(citing *Sheppard v. Beerman,* 18 F.3d. 147, 150(2d Cir. 1994)).

*FHAA Claim*

The FHAA prohibits "discriminating in the . . . rental, or to otherwise make unavailable or deny, a dwelling to any . . . renter because of a handicap of . . . that . . . renter," 42 U.S.C. § 3604(f)(1)(A), and "discriminat[ion] against any person in the terms, conditions, or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. § 3604(f)(2)(A). The FHAA defines a handicap as a "physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To make out a claim of discrimination based on a failure to

accommodate, a plaintiff must demonstrate that: (1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. *Bentley v. Peace and Quiet Realty 2 LLC*, 367 F.Supp.2d 341, 345 (E.D.N.Y. 2005)(internal quotation marks and citation omitted).

"Whether a requested accommodation is required under the FHAA is 'highly fact-specific, requiring case-by-case determination.'" *Id.* at 344(quoting *United States v. California Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1418 (9th Cir. 1994)). A landlord "may be required to incur 'reasonable costs' to accommodate a plaintiff's handicap, [but he] he is not required to provide any accommodation that poses an 'undue hardship or a substantial burden.'" *Marks v. Building Management Co, Inc.*, No. 99-CV-5733, 2002 WL 764473 (S.D.N.Y. 2002)(quoting *Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293, 300 (2d Cir. 1998)).

For purposes of this motion, defendants do not dispute that plaintiff has alleged sufficient facts to support her claims that she is handicapped, that defendants knew of her handicap, and that the defendants did not accept her Section 8 voucher. The parties dispute whether the alleged facts support a plausible

claim that she requested an accommodation of her handicap that would allow her an equal opportunity to use and enjoy her apartment.

Defendants argue that based on the facts alleged, plaintiff sought an economic accommodation rather than an accommodation of her handicap. Defendants rely on the Second Circuit's holding in *Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293 (2d Cir. 1998), in support of their argument.

In *Salute*, plaintiffs were disabled Section 8 holders who sought to rent apartments from defendant. The *Salute* plaintiffs claimed that the FHAA required a landlord to accept their Section 8 vouchers as a reasonable accommodation for their disabilities, even though the landlord did not participate in the Section 8 program (with the exception of pre-existing tenants). The Second Circuit rejected plaintiffs' claim, concluding that "the law addresses the accommodation of handicaps, not the alleviation of economic disadvantages that may be correlated with having handicaps," *Salute*, 136 F.3d at 301, and "[t]he FHAA does not elevate the right of the handicapped poor over the rights of the non-handicapped poor. Economic discrimination-such as the refusal to accept Section 8 housing tenants-is not cognizable as a failure to make reasonable accommodations, in violation of § 3604(f)(3)(B)." *Id.* at 302.

Plaintiff argues that the Supreme Court's more recent

decision in *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002), rejects the Second Circuit's reasoning in *Salute*. Based on *Barnett*, plaintiff maintains that she has alleged facts sufficient to support a plausible reasonable accommodation claim.

In *Barnett*, a disabled employee requested an exception to the company's disability-neutral seniority system so that he could remain in a less physically demanding position, even though other employees intended to invoke their seniority rights to transfer to his particular position. *Barnett*, 535 U.S. at 393-94.[4] The airline argued that a preferential exception to a disability-neutral policy was outside the scope of the ADA's "reasonable accommodations" requirement. *Id.* at 397. Rejecting the airline's argument, the Supreme Court held that "[t]he simple fact that an accommodation would provide a 'preference'-in the sense that it would permit the worker with a disability to violate a rule that others must obey-cannot, in and of itself, automatically show that the accommodation is not 'reasonable'." *Id.* at 398. Although a seniority system would trump the right to be accommodated in most cases, the Supreme Court ruled that the plaintiff had the right to demonstrate that the requested

---

[4] Although *Barnett* involves a claim under the American with Disabilities Act (ADA), courts often look to the ADA for guidance on the reach of the reasonable accommodation requirements of the FHAA. *See Bentley*, 367 F.Supp.2d at 348 (citing *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1149 (9th Cir.2003) (collecting cases); *Shapiro v. Cadman Towers*, 51 F.3d 328, 334 (2d Cir. 1995)); *see also Tsombanidis v. West Haven Fire Department*, 352 F.3d 565, 573 (2d Cir. 2003)(addressing FHAA and ADA claims at the same time because the statutes have the same requirements).

accommodation was reasonable on the particular facts because special circumstances might alter the important expectations inherent in a seniority system. *Id.* at 405. Accordingly, by permitting *Barnett* to proceed with his claim, the Supreme Court recognized that (1) accommodations are not limited to the immediate manifestations of a disability, but may also address the practical needs caused by a disability and (2) preferences may be necessary for the disabled who are otherwise similarly situated to non-disabled individuals.[5]

Extending the Supreme Court's reasoning in *Barnett*, in *Giebeler v. M&B Associates*, 343 F.3d 1143 (9th Cir. 2003) the Ninth Circuit found that a disabled individual, who was unable to work, had made a reasonable accommodation request pursuant to the FHAA when he asked an apartment building to make an exception to its income requirements policy and allow his mother to co-sign on the lease for the apartment that he wished to rent. The Ninth Circuit reasoned that since Giebeler could not pay the rent from his own income because his disability prevented him from working, relaxing defendants' policy was necessary in order to afford Giebeler equal opportunity to use and enjoy a dwelling.

---

[5] In his dissent, Justice Scalia's uses reasoning similar to that of the Second Circuit in *Salute*, stating that accommodations were necessary "only if a disability prevents an employee from overcoming . . . barriers that would not be barriers but for the employee's disability . . . [T]hey do not include rules and practices that bear no more heavily upon the disabled employee than upon others . . . even though an exemption from such a rule or practice might in a sense 'make up for' the employee's disability." *Barnett*, 535 U.S. at 413.

*Giebeler*, 343 F.3d at 1151, 1156.

Here, as in *Barnett* and *Giebeler,* plaintiff alleges that she requested an accommodation because of a need caused by her disability. Unlike the plaintiffs in *Salute*, plaintiff was already a tenant in defendants' building at the time of her request for acceptance of a Section 8 voucher. Although defendants may choose not to accept Section 8 vouchers from tenants as a matter of policy, in light of the Supreme Court's holding in *Barnett,* plaintiff may be able to demonstrate that acceptance of the Section 8 voucher was a reasonable accommodation for her handicap, which was refused, for example, not for economic but for discriminatory reasons. *But see Lachira v. Sutton,* No. 05-CV-1585, 2007 WL 1346913, at *15 (D.Conn. 2007)(quoting *Salute* without reference to *Barnett,* and stating that "the Second Circuit has made clear that neither economic nor Section 8 status is a basis for a discrimination claim under the FHA"); *cf. Bentley*, 367 F.Supp.2d at 346-347 (distinguishing the facts from *Salute* because plaintiff sought an accommodation that "directly relates to her handicap" and then applying *Barnett to* hold that a disability-neutral policy does not automatically preclude an inquiry into the "reasonableness" of the proposed accommodations). Accordingly, plaintiff has alleged sufficient facts in support of a plausible claim that acceptance of the Section 8 voucher was a reasonable accommodation of her

disability that prevented her from working and earning an income.[6]

Plaintiff also claims that defendants were required to accept her Section 8 voucher because the immediate physical effects of her disability prevent her from searching for another apartment that accepts Section 8 vouchers. I conclude that plaintiff has failed to state a plausible claim on this ground. The FHAA only protects the equal opportunity to use and enjoy a dwelling that a person seeks to rent or is already occupying. Any accommodation that plaintiff requires in connection with a search for another apartment that is not owned by defendants should have been addressed to NYCHA, not the defendants. Accordingly, defendants' motion is denied in part and granted in part.

**Conclusion**

For the reasons stated above, defendant's motion to dismiss is denied in part and granted in part. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge. SO ORDERED.

Dated:   Brooklyn, NY
         April 1, 2008

         By:   /s/ Charles P. Sifton (electronically signed)
                         United States District Judge

---

[6] Although the parties discuss in detail the alleged 'reasonableness' of plaintiff's proposed accommodation, I need not decide the issue at this time.